JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-2071 AG (DTBx) | Date | January 8, 2014 |
|---|---|---|---|
| Title | JENNIFER BUCK v. WELLS FARGO BANK, N.A. et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**       **[IN CHAMBERS] ORDER REMANDING CASE**

This is yet another case removed from California state court by Defendant Wells Fargo
Bank, N.A. ("Wells Fargo") on the basis of diversity jurisdiction. Plaintiff filed a Motion
to Remand the case back to state court. (Motion, Dkt. No. 8.) The Court finds the matter
appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.
Accordingly, the hearing set for January 13, 2014, on the present Motion is removed from
the Court's calendar. The Court finds that it does not have jurisdiction over this case,
GRANTS Defendant's Motion, and REMANDS the case to the appropriate state court.

"Nothing is to be more jealously guarded by a court than its jurisdiction." *In re
Disciplinary Action Against Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) *overruled on
other grounds by Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991). Suits filed in state
court may be removed to federal court if the federal court would have had original
jurisdiction over the suit. 28 U.S.C. § 1441(a). But to protect the jurisdiction of state
courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v.
Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas
Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Federal jurisdiction must be rejected if
there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

This case does not involve a claim under a federal statute, and Wells Fargo bases removal

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 13-2071 AG (DTBx) | Date | January 8, 2014 |
|---|---|---|---|
| Title | JENNIFER BUCK v. WELLS FARGO BANK, N.A. et al. | | |

on diversity jurisdiction alone. (*See* Notice of Removal, Dkt. No. 1; Complaint, attached as Exhibit A to Notice of Removal.) Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

Plaintiff's Motion to Remand is well-taken. Wells Fargo's claim that diversity exists rests on its assertion that Wells Fargo is a citizen of only South Dakota for diversity purposes. (Opp'n, Dkt. No. 9, at 3.) The Court disagrees. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 315 n.8 (2006); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010); Order Denying Temporary Restraining Order and Remanding Case, *Cahill v. Wells Fargo Home Mortgage*, No. SACV 13-1887 AG (JPRx) (C.D. Cal. Dec. 27, 2013), ECF No. 15; Order Remanding Case, *Damato v. Wells Fargo, N.A.*, No. SACV 13-1547 AG (SPx) (C.D. Cal. Sept. 12, 2013) ECF No. 9; Order Granting Motion to Remand at 3, *Moreno v. Wells Fargo, N.A.*, No. SACV 13-0371 AG (RNBx) (C.D. Cal. Apr. 15, 2013) ECF No. 18.

The Court has remanded cases involving Wells Fargo multiple times, so Wells Fargo is on notice of this Court's position concerning jurisdiction. These removals deny California state courts the opportunity to interpret California law. This Court will not further delay the efforts of California residents to seek relief in California courts under laws and statutes largely designed to protect such California residents.

## **DISPOSITION**

This Court does not have jurisdiction over this case. The Motion to Remand is GRANTED and the Court REMANDS this case to the appropriate state court.

_____ : __0__

Initials of
Preparer                        lmb